**19JE-CC00143**

Electronically Filed - Jefferson - February 22, 2019 - 10:58 AM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
23RD JUDICIAL CIRCUIT

| | | |
|---|---|---|
| SHARON BLACKBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Cause no. |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) | Division |
| A Deleware Corporation, | ) | |
| | ) | |
| SERVE: | ) | |
| The Corporation Company | ) | |
| 120 South Central Avenue | ) | |
| St. Louis, Missouri 63105 | ) | |
| | ) | |
| JOHN DOE, | ) | |
| A Missouri resident, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

## COUNT I - PERSONAL INJURY – TRIP AND FALL

COMES NOW Plaintiff, Sharon Blackburn, by and through her attorneys of record, and
for her cause of action against Defendants Fedex Ground Package System, Inc. (hereinafter
referred to as "Fedex") and John Doe, state as follows:

1.      Plaintiff is, and at all times relevant to this cause of action was, a resident of
Jefferson County, State of Missouri.

2.      Defendant Fedex is, and at all times relevant to this cause of action was a
Corporation, organized and existing pursuant to the laws of a state other than Missouri, and
authorized to do business in the state of Missouri having an registered agent for accepting service
of process in the state of Missouri.

EXHIBIT A

3.      Upon information and belief, Defendant John Doe is, and at all times relevant to this cause of action was, a resident of the State of Missouri.

4.      Defendant John Doe is, and at all times relevant to this cause of action was an employee, agent, or servant of Defendant, residing in the state of Missouri.

5.      Plaintiff will amend her Petition upon determination of John Doe.

6.      The tortious acts and/or omissions giving rise to this cause of action occurred in Jefferson County, State of Missouri, and venue is appropriate in Jefferson County, Missouri.

7.      On or about December 7, 2016, Plaintiff was at her home at 480 June Drive, in Arnold, Missouri when Defendant Fedex, by and through its employee Defendant John Doe, placed a package outside Plaintiff's car port, unknown to Plaintiff, which package was meant to be delivered to 462 June drive in Arnold, Missouri, upon which Plaintiff tripped and fell.  At all times both Defendant Fedex and its driver, employee, agent, or servant, were unauthorized to enter upon Plaintiff's property located at 480 June Drive to deliver a package.

8.      At all times relevant hereto, Plaintiff had not ordered a package to be delivered by Defendant Fedex and/or Defendant John Doe, and at all times neither Defendant Fedex nor Defendant John Doe were authorized to leave a package at Plaintiff's resident.

9.      Defendant Fedex is vicariously liable liable to Plaintiff for the actions of its employee John Doe by Respondat Superior.

10.     At all times, Plaintiff was unaware that a package had been placed next to her car, in her car port, and Plaintiff was caused to trip and fall over such package, which was mistakenly delivered by Defendants Fedex by and through its driver, employee, agent, or servant John Doe, to the wrong address.

EXHIBIT A

Electronically Filed - Jefferson - February 22, 2019 - 10:58 AM

11.     At all times, Plaintiff had no way of knowing the package was in her car port next to her car.

12.     The package mistakenly delivered to Plaintiff's address created a hazardous and unsafe condition on Plaintiff's property.

13.     Defendants, and each of them, negligently and carelessly delivered the package to the incorrect address and allowed the package to remain in Plaintiff's car port, creating a condition that was not safe.

14.     Defendants, and each of them, knew, or with the use of reasonable care could have known, they delivered the package to the wrong address, creating the unsafe condition in sufficient time prior to the fall to have taken measures to prevent the unsafe condition.

15.     Defendant, and each of them, had actual or constructive notice of the unsafe and hazardous condition they created by delivering the package to the incorrect address.

16.     The aforementioned fall was directly and proximately caused by the negligence and carelessness of Defendants, and each of them, who failed to use ordinary care in one or more of the following ways:

    a.     Defendants, and each of them, negligently and carelessly failed to use ordinary care to remove the unsafe condition from the car port at Plaintiff's residence.

    b.     Defendant, and each of them, negligently and carelessly delivered a Fedex package to the incorrect address, creating an unsafe condition.

    c.     Defendants, and each of them, negligently and carelessly placed the package in a place where Plaintiff would not be able to see the package or appreciate the harm of the unknown package, or unsafe condition.

EXHIBIT A

d.      Defendants, and each of them, negligently and carelessly failed to remove the unsafe condition created by delivering the package to the wrong address.

e.      Defendant, and each of them, knew, or should have known, that they delivered a package to the wrong address, and taken steps to remove the package or protect against the unsafe condition.

f.      Defendants, and each of them, negligently and carelessly failed to warn Plaintiff that there was a package in her car port, when, by the exercise of ordinary care, they should have done so.

g.      Defendants, and each of them, had actual or constructive notice of the unsafe condition in sufficient time prior to the injury to have taken measures to prevent against it.

h.      Defendants, and each of them, knew, or had information from which it should have known, that persons in the position of Plaintiff would not discover the package mistakenly delivered to the wrong address, or would not appreciate the risk of harm.

17.      As a direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff sustained the following serious, painful, permanent, and disfiguring medical and physical conditions, ailments, injuries, complaints, losses, and damages requiring the medical treatment mentioned hereafter, all of which were directly caused and necessitated or which were directly caused to be activated, accelerated, aggravated, or exacerbated as a direct and proximate result of the aforesaid negligence and carelessness of Defendant, to-wit:

a.      Plaintiff sustained a torn rotator cuff, requiring surgical repair.

b.      Plaintiff sustained a cervical sprain/strain.

c.      Plaintiff sustained a sprain/strain to the left ankle.

4

EXHIBIT A

Electronically Filed - Jefferson - February 22, 2019 - 10:58 AM

     d.     Plaintiff was required to undergo medical treatment for all of her injuries, including, but not limited to urgent care treatment, x-rays, MRI, surgery, physical therapy, medical evaluations, hospital care, and other such similar treatment.

     e.     Plaintiff was caused to suffer and will in the future suffer great pain and suffering, great pain and anguish of mind and body, loss of sensation and range of motion, inability to walk, loss of sleep and rest, and future medical treatment, the extent of which is unknown at this time.

   18.     As a direct and proximate result of the aforesaid negligence of Defendants, and each of them, and Plaintiff's injuries, Plaintiff has incurred the following expenses:

     a.     Plaintiff incurred expenses for urgent care treatment, x-rays, MRI, surgery, physical therapy, medical evaluations, hospital care, pre-operative diagnostics, hospital stays, prescription medication, and other such similar treatment in an amount in excess of One Hundred Five Thousand Dollars ($5,900.00), and will in the future expend sums for medical treatment in an amount which cannot reasonably be ascertained.

     b.     Plaintiff was required to lose time from work and miss out on jobs that included payments for housing, car, phone, meals and work in an amount in excess of Nine Thousand Dollars ($9,000.00)

   19.     Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

   WHEREFORE, Plaintiff, Sharon Blackburn, prays this court enter its Judgment in her favor and against Defendant Fedex Ground Package System, Inc. and Defendant John Doe, in an amount which is fair and reasonable and in excess of Twenty-Five Thousand Dollars

EXHIBIT A

Electronically Filed - Jefferson - February 22, 2019 - 10:58 AM

($25,000.00) to compensate Plaintiff for her damages, and for any such further amount as this court deems fair and reasonable.

## COUNT II – NEGLIGENT HIRING, TRAINING AND RETENTION

COMES NOW Plaintiff, and for Count II of her cause of action against Defendant Fedex states as follows:

20. Plaintiff restates and realleges each and every allegation as set forth in Paragraphs 1-9 of the Allegations Common to All Counts and Paragraphs 1-18 of Count I of Plaintiff's Petition.

21. At all times, Defendant Fedex owed a duty to to use reasonable care in hiring, training, supervision and retention of its employees, and more particularly, Defendant John Doe.

22. At all times, Defendant Fedex owed a duty to determine the qualifications of its employees, agents and servants.

23. At all times Defendant Fedex owed a duty to ensure its drivers/deliverers followed the training manuals for delivery set forth by Defendant Fedex.

24. At all times, Defendant Fedex owed a duty to ensure its drivers/deliverers followed all safety guidelines in placement of packages.

25. At all times, Defendant Fedex owed a duty to ensure its drivers were equipped with appropriate navigation to deliver to correct addresses or ensure proper delivery to the correct person.

26. Plaintiff is within the scope of persons of whom the above duties were designed to protect from injury arising from the negligent hiring, training, supervision and retention of Defendant John Doe.

EXHIBIT A

Electronically Filed - Jefferson - February 22, 2019 - 10:56 AM

27.     As a direct and proximate result of the negligence and careless of Defendant Fedex in hiring, training, supervising and retaining of Defendant John Doe, Plaintiff sustained the injures as more particularly set forth in Count I, supra.

28.     Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff prays this Court enter its Judgment in favor of Plaintiff Sharon Blackburn and against Defendant Fedex for an amount which is fair and reasonable and in excess of Twenty-Five Thousand Dollars ($25,000.00) to compensate Plaintiff for her damages, for her costs incurred herein and for any such further relief as this Court deems just and proper.

FRANKEL, RUBIN, KLEIN, SIEGEL,
PAYNE & PUDLOWSKI, P.C.


JULIE SIEGEL, MBEN 45839
231 S. Bemiston Avenue, Suite 1111
Clayton, Missouri 63105-1914
Telephone:     (314) 725-8000
Facsimile:     (314) 726-5837
jsiegel@frankelrubin.com
Attorneys for Plaintiff

7

EXHIBIT A



**IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI**

| Judge or Division:<br>DIANNA LYNN BARTELS | Case Number:  19JE-CC00143 |
|---|---|
| Plaintiff/Petitioner:<br>SHARON BLACKBURN | Plaintiff's/Petitioner's Attorney/Address<br>JULIE LYNN SIEGEL<br>231 SOUTH BEMISTON<br>SUITE 1111<br>SAINT LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>FEDEX GROUND PACKAGE SYSTEM, INC. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  FEDEX GROUND PACKAGE SYSTEM, INC.**
     **Alias:**

**120 SOUTH CENTRAL AVE.**
**ST. LOUIS, MO 63105**

*COURT SEAL OF*

*JEFFERSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 2-25-19 | MICHAEL REUTER, CIRCUIT CLERK<br>/s/M BONE, DEPUTY CLERK |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| | Date | | Notary Public |
|---|---|---|---|

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A

Electronically Filed - Jefferson - March 01, 2019 - 01:32 PM

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| SHARON BLACKBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: 19JE-CC00143 |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COME NOW Gregory T. Cook and LaceShionna N. Cline of McAnany Van Cleave &

Phillips and hereby enter their appearance on behalf of Defendant FedEx Ground Package

System, Inc. in the above-captioned case.

RESPECTFULLY SUBMITTED,

**McANANY, VAN CLEAVE & PHILLIPS**
505 North 7th Street, Suite 2100
St. Louis, Missouri 63101
Phone: 314-621-1133
Fax: 314-621-4405

By:   /s/ Gregory T. Cook
Gregory T. Cook, #57408
gcook@mvplaw.com
LaceShionna N. Cline, #68000
lcline@mvplaw.com
*Attorneys for Defendant FedEx Ground Package*
*System, Inc.*

EXHIBIT A

Electronically Filed - Jefferson - March 01, 2019 - 01:32 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court and served via the Court' s electronic filing system this 1st day of March, 2019 to all counsel of record.


/s/ Gregory T. Cook

**EXHIBIT A**



# IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>DIANNA LYNN BARTELS | Case Number: 19JE-CC00143 |
|---|---|
| Plaintiff/Petitioner:<br>SHARON BLACKBURN | Plaintiff's/Petitioner's Attorney/Address<br>JULIE LYNN SIEGEL<br>231 SOUTH BEMISTON<br>SUITE 1111<br>SAINT LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>FEDEX GROUND PACKAGE SYSTEM, INC. | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

45834

## Summons in Civil Case

The State of Missouri to: FEDEX GROUND PACKAGE SYSTEM, INC.

Alias:

120 SOUTH CENTRAL AVE.
ST. LOUIS, MO 63105

RINEW 30 CTWR

**COURT SEAL OF**

JEFFERSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

2-25-19 _____  MICHAEL REUTER, CIRCUIT CLERK
Date          /s/M BONE, DEPUTY CLERK
                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: LCW – B. LOVE (name) ALNAKER (title).
☐ other: _____

CT CORPORATION

Served at _____ 120 S CENTRAL (address)
in _____ STL (County/City of St. Louis), MO, on MAR 01 2019 (date) at 9:33 (time).

William Rinehart
Deputy Sheriff
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

FEB 28 2019

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

19-SMCC-1865                                    2/27/B

 EXHIBIT A

EXHIBIT A

I certify and attest that the above is a true copy of the original record of the Court in case number 19JE-CC00143 as it appears on file in my office.

Issued March 7, 2019

**Michael E. Reuter**, Circuit Clerk
Jefferson County Circuit Court

By _Meagan Truax_
Deputy Clerk



EXHIBIT A